UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VIVIAN SANKS KING et al.,

Plaintiffs,

vs. Case No. 3:06-cv-61-J-33TEM

DAVID SHOAR et al.,

Defendants.
_____________________________________/

**ORDER**

This cause comes before the Court pursuant to Defendants Von McKenzie, Richard Michaux, and David Zufelt's Motion for Summary Final Judgment (Doc. #53) filed on June 21, 2007. Plaintiffs filed their Response (Doc. #59) on July 6, 2007. For the reasons stated below, the motion is granted in part and denied in part.

## I. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the

suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples *ex rel.* Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

## II. BACKGROUND

In the late hours of December 9, 2003, Lewis King was driving in St. Augustine, Florida. (Doc. #53 at1-2.) Deputy Michaux observed King driving with an alleged broken brake light, and he pulled King over to conduct a traffic stop. (Doc. #53 at 3.) Michaux walked up to King's vehicle to conduct an "at-window" interview. (Id.) Deputy McKenzie pulled over to observe the traffic stop for officer safety, and he approached King's car on foot from the passenger side to do so. (Id.)

Deputy Zufelt heard Michaux announce the stop over the radio, and he also arrived at the scene to observe. (Id.) King gave his documents and registration to Michaux, who then returned to his vehicle and also noticed Zufelt's arrival. (Id.) While Michaux was at his own vehicle, McKenzie, who was watching King from the passenger window, observed King reach into his pants, remove a pill bottle, and place it in his jacket. (Id.) When McKenzie asked King about the item, King denied its existence. (Id. at 3-4.) McKenzie reached in through the vehicle window and pointed at the pill bottle and said "that pill bottle." (Id. at 4.)

After this exchange, King engaged the transmission and drove away. (Id.) McKenzie, who still had his arm through the car window, was knocked off balance and instinctively grabbed hold of the car. (Id.) Deputy Zufelt heard a yell and immediately followed King's car. (Id.) Michaux followed in his own car after Zufelt departed. (Id.) King drove with McKenzie hanging onto the car, and when King made a slow left-hand turn, McKenzie was able to push off the car. (Id.) King continued to drive for a few miles, with Zufelt and Michaux in pursuit. (Id. at 4-5.) Eventually King crashed his car into a wooded area, and he then exited his car and ran into the woods. (Id. at 5.) Michaux, who was a canine officer, ordered his K-9 into the woods, but the dog entered King's abandoned vehicle. (Id.) Michaux, uncertain of Zufelt's whereabouts, retrieved his dog. (Id.) Zufelt arrived and gave several commands for King to exit the woods. (Id.) Eventually, King exited the woods and approached the officers. (Id.)

The events that happened thereafter are in dispute. Defendants maintain that Zufelt used his taser on King to subdue him, after King would not comply with orders to get on the ground. (Id.) Zufelt deployed his taser several times, but the sound it made indicated to Zufelt that is was not working properly, so he exchanged the cartridges and deployed it again. (Id.) Plaintiffs allege that

Zufelt did not deploy his taser until after King was already handcuffed and subdued. (Doc. #59 at 4.) In any event, King was eventually handcuffed and restrained. Thereafter, Michaux requested dispatch send a rescue to respond and check on King, due to the traffic crash and the taser. (Doc. #59-23 at 2.) Shortly after rescue arrived, King went into cardiac arrest. (Id.) He was transported to Flagler Hospital, but efforts at resuscitation were unsuccessful, and King was pronounced dead. (Doc. #55-14 at 3.) Plaintiffs brought this suit against Defendants, alleging battery and violations under 42 U.S.C. § 1983.

## III. ANALYSIS

### A. Count II - Battery

Plaintiffs allege that Defendants battered King by deploying the taser against him. (Doc. #2 ¶ 58.) An action for battery requires proof of an actual, intentional touching. Fla. Stat. § 784.03; Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp. 2d 1327, 1358 (M.D. Fla. 1999). Only Zufelt deployed his taser on King, therefore neither McKenzie or Michaux committed an actual touching and cannot have committed battery.[1] Furthermore, Plaintiffs allege that the battery caused King's death. (Doc. #2 ¶ 59.) Battery ceased to be a viable cause of action with King's death. Fla. Stat. § 768.20; Cheves v. Dep't of Veterans Affairs, 227 F. Supp. 2d 1237, 1245 (M.D. Fla. 2002). Therefore, Defendants are entitled to summary judgment on Count II.

### B. Official Capacity vs. Individual Capacity

Defendants argue that Plaintiffs' complaint brings Counts IV, V, VII, and VIII against Defendants in their official capacity, as opposed to their individual capacity. As such, Defendants

---

[1] While Plaintiffs do not address Count II in their Response, they do admit that only Zufelt deployed his taser at King. (Doc. #59 at 4.)

assert that the suit is against the Sheriff of St. Johns County, not the individual Defendants. Plaintiffs counter that the designation of "in their Official Capacity" was only to alert the Court that each Defendant was acting under color of law, and not as a private actor. (Doc. #59 at 11 n.5.) To name a defendant in their individual capacity or their official capacity is an important distinction in a § 1983 action. If a government official is named in his official capacity, then the suit is truly against the government entity itself. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). If the action is against the government entity, the plaintiff would then have to prove that the government entity had an official policy or custom that caused the constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

While in the caption of each count Plaintiffs have designated that the claim is against Defendants in their official capacity, a caption is not determinative of the capacity in which the defendant is sued. Lundgren v. McDaniel , 814 F.2d 600, 604 n.2 (11th Cir. 1987). The Court must look to the course of the proceedings to determine what type of liability is sought to be imposed if the complaint does not make that clear. Id. at 604. In examining the proceedings and documents in this case, the Court finds that Plaintiffs continually allege the wrongdoing of Defendants, not an official policy or custom, led to the alleged violations. As such, the Court finds that Counts IV, V, VII, and VIII are brought against Defendants McKenzie, Michaux, and Zufelt in their personal capacity.

**C. Count IV - Fourth Amendment Claim of Unreasonable Seizure**

In Count IV, Plaintiffs allege that Deputies McKenzie and Michaux both "observed King driving lawfully, yet stopped his vehicle, despite the absence of any cause or suspicion" which constituted an unreasonable seizure of King, violating his rights under the Fourth Amendment.

(Doc. #2 ¶¶ 66-67.) The evidence presented now shows that only Deputy Michaux stopped King. (Doc. #53 at 3.) Plaintiffs acknowledge this fact in their Response by stating that Deputy McKenzie allegedly violated King's rights only by conducting an illegal search and for failing to intercede against the alleged use of excessive force. (Doc. #59 at 21.) Since there is no issue of material fact as to whether McKenzie stopped King, Count IV against Deputy McKenzie is dismissed.

A law enforcement officer "may stop a vehicle 'when there is . . . probably cause to believe that a driver is violating any one of the multitude of applicable traffic and equipment regulations' relating to the operation of motor vehicles." United States v. Strickland, 902 F.2d 937, 940 (11th Cir. 1990). Florida law requires that every motor vehicle has fully operational brake lights. Fla. Stat. § 316.222 (2007). Deputy Michaux states that he observed King driving with the driver's side brake light out. (Doc. #53-2 at 9-10.) To support this assertion, Michaux cites to the January 17, 2007 affidavit of April Harless Brigham, a friend of King's who was with him the night of the incident, in which she states she has "no memory today concerning whether his tail lights or brake lights were operating or were broken on the evening just preceding his death." (Doc. #53-16 ¶ 6.) Plaintiffs counter this fact with a second affidavit of April Harless Brigham from July 2, 2007. In this second affidavit, Ms. Harless repeats that she has no memory of whether the brake lights were functioning, but she attached the transcript of an interview she gave on December 22, 2003, in which she stated that the brake lights were functioning on King's car that evening. (Doc. #59-2 at 2.) Ms. Harless attests to the interview's authenticity in her affidavit. (Id.) As such, the Court finds that there is a genuine issue of material fact as to whether the brake light was out, and therefore summary judgment is not proper.

**D. Count V - Fourth Amendment Claim of Unreasonable Search and Seizure**

Plaintiffs allege in Count V that Deputy McKenzie illegally searched King by reaching into King's car to examine a prescription pill bottle. (Doc. #2 ¶ 71.) While Plaintiffs' Complaint alleges that only Deputy McKenzie conducted the illegal search, Deputy Michaux is also named in Count V. (Id. at Count V.) Defendants have demonstrated that only Deputy McKenzie reached into King's vehicle, and Plaintiffs have not contested this fact. Since there is no issue of material fact as to whether Deputy Michaux illegally searched King, judgment will be entered in favor of Michaux on Count V.

The following facts are not in dispute. McKenzie witnessed King reach into his pants, remove an object, and put the object in his jacket. (Doc. #59-6 at 12.) Deputy McKenzie asked King about the item, and when King removed his hand from his jacket, McKenzie observed a prescription pill bottle in King's hand. (Id. at 12-13.) King then denied the existence of the pill bottle. (Id. at 13.) In light of these undisputed facts, McKenzie believed that King was carrying illegal narcotics and determined he had probable cause to investigate further. The Court agrees. Once a law enforcement officer has probable cause that a person is engaged in criminal activity, he is permitted to reasonably investigate and search that individual. Cf. Adams v. Williams, 407 U.S. 143 (1972) (holding that investigatory stop permitted if officer had reasonable suspicion an individual was committing a crime at that moment). The Court finds that McKenzie had probable cause that King possessed illegal narcotics, and any search incident to that was legal and reasonable. Therefore, summary judgment in favor of McKenzie on County V is proper.

**E. Count VI - Fourth Amendment Claim of Excessive Force**

Plaintiffs allege in Count VI that Defendants used excessive, deadly force against King by using the taser against King, after he had peaceably surrendered to Defendants. They further alleged that this excessive, deadly force was in violation of King's Fourth Amendment rights. A claim of excessive force, even deadly, is examined under a reasonableness standard. Graham v. Connor, 490 U.S. 386, 395 (1989). "[T]he 'reasonableness' inquire in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397.

Defendants assert that Zufelt deployed his taser to subdue a belligerent King. (Doc. #53 at 5.) Plaintiffs counter that King had peaceably surrendered and was already handcuffed when Zufelt used the taser. (Doc. #59). The use of force in an arrest must be reasonably proportionate to the need for that force. Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002). While the use of a taser is not per se excessive force, see Draper v. Reynolds, 369 F.3d 1270, 1278 (11th Cir. 2004), it may be unnecessary, and therefore unreasonable, for an officer to use force if a suspect is already secured. Cf. Priester v. City of Riviera Beach, 208 F.3d 919, 927 (11th Cir. 2000). On consideration of the evidence presented, the Court finds that there is an issue of fact as to whether King was already handcuffed before the taser was applied, and summary judgment as to Zufelt is not proper.

"[A]n officer can be liable for failing to intervene when another officer uses excessive force." Priester, 208 F.3d at 924. However, this liability will only arise if the officer was in a position to intervene. Id. Michaux was present when Zufelt used his taser, and the evidence shows that

Michaux did not intervene. Since there is still an issue of fact as to whether the force was excessive, summary judgment in Michaux's favor is not proper. But, the evidence presented to the Court does show that McKenzie was not at the scene when the taser was deployed on King. As such, McKenzie was not in a position to intervene, and therefore summary judgment on Count VI as to McKenzie will be entered in his favor.

**F. Count VII - Fifth Amendment Claim**

Fifth Amendment due process only applies to federal action. Bartkus v. Illinois, 359 U.S. 121, 124 (1959); Riley v. Camp, 130 F.3d 958, 972 (11th Cir. 1997). The Deputies are not employees of the federal government, and Plaintiffs have not alleged any action by the federal government. Therefore, Plaintiffs claims under the Fifth Amendment are without merit. While Plaintiffs' complaint is not exactly clear on this point, the Court recognizes that Plaintiffs may also be pleading a Fourteenth Amendment substantive due process violation. The essence of Plaintiffs' allegations is that the Deputies used excessive force on King. Claims of excessive force, even deadly force, are properly brought under the context of the Fourth Amendment. Graham, 490 U.S. at 394. Plaintiffs have already addressed their Fourth Amendment claims in Count VI. As such, Count VII is dismissed against Defendants.

**G. Count VIII - Eighth Amendment Claim**

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. While the Eighth Amendment does prohibit the use of excessive force, it applies only to incarcerated persons. See Graham, 490 U.S. at 392-94 ; Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985) (holding Eighth Amendment only applies after a person is convicted of a crime). An "excessive force claim [that] arises in the context of an arrest or investigatory stop . .

. is most properly characterized as one invoking the protections of the Fourth Amendment." Graham, 490 U.S. at 394; see also Brosseau v. Haugen, 543 U.S. 194, 197 (2004). Plaintiffs have already raised their claims of excessive force under the Fourth Amendment in Count VI, and Plaintiffs assertion of a claim under the Eighth Amendment is incorrect as a matter of law. Judgment will be entered in favor of Defendants on Count VIII.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1) Defendants Von McKenzie, Richard Michaux, and David Zufelt's Motion for Summary Final Judgment (Doc. #53) is **GRANTED IN PART** and **DENIED IN PART**:

a) As to Count II, summary judgment is **GRANTED** as to all Defendants;

b) As to Count IV, summary judgment is **GRANTED** as to Defendant McKenzie. Summary judgment is **DENIED** as to Defendant Michaux;

c) As to Count V, summary judgement is **GRANTED** as to all Defendants;

d) As to Count VI, summary judgment is **GRANTED** as to Defendant McKenzie. Summary judgement is **DENIED** as to Defendants Michaux and Zufelt;

e) As to Count VII, summary judgement is **GRANTED** as to all Defendants;

f) As to Count VIII, summary judgment is **GRANTED** as to all Defendants.

2) All claims against Defendant Von McKenzie are dismissed.

3) Claims under Count IV and Count VI remain against Defendant Richard Michaux. All other claims against Michaux are dismissed.

4) Claims under Count VI remain against Defendant David Zufelt. All other claims against Zufelt are dismissed.

5) The Clerk of the Court shall enter judgment accordingly.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 13th day of July, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record